# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41666

ABRAHAM CAMPOS,

Plaintiff-Appellant

v.

JERILYNN YENNE, District Attorney for Brazoria County, Texas,

Defendant-Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-284

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Abraham Campos, Texas prisoner # 721237, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Campos argues that he stated a claim for a denial of due process based on the State's refusal to release evidence for DNA testing. Campos has failed to show that he should be allowed to proceed IFP on appeal under 28 U.S.C. § 1915(b)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41666

or that his appeal of the district court's judgment presents a nonfrivolous issue. *See Skinner v. Switzer*, 562 U.S. 521, 534 (2011); *Dist. Att'ys Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67-68 (2009); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Even if DNA testing would show that Campos's blood was not found on any of the listed evidence, such evidence would not be sufficient to overcome the evidence presented against him at trial. The testimony at trial was clear that Campos was not bleeding when he was arrested on the night of the murder. After detailing the evidence against Campos, the district court stated that the DNA evidence in question would not have cast any doubt on that evidence and would have corroborated the testimony that Campos was not bleeding at the time of his arrest. Campos has produced nothing to contradict this conclusion. Campos's motion for leave to proceed IFP therefore is DENIED.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2.

The district court's dismissal and the dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Campos that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.